CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 03 2009

JOHN F. CORCORAN, CLERK
BY: /s/ S. Jaullor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH MACON, | )<br>) |
| Plaintiff, | ) Civil Action No. 7:09cv00054<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| PULASKI GENERAL DISTRICT COURT, ET AL., | ) By: Samuel G. Wilson<br>) United States District Judge<br>) |
| Defendants. | ) |

Plaintiff, Joseph Macon, proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915, brings this action against the police officer who ticketed him and the General District Court of Pulaski County, Virginia which apparently convicted him of driving 93 mph on Interstate 81 in that county. He accuses the officer of racial profiling, discriminating against him on account of his disability,[1] and attempting to extort money under false pretenses. He alleges that this court has jurisdiction under 18 U.S.C. § 241 which criminalizes conspiracies to injure, oppress, threaten, or intimidate persons in the free exercise and enjoyment of any right or privilege secured by the Constitution or laws of the United States; under 29 U.S.C. § 794 which prohibits discrimination in Federal grants and programs; under 42 U.S.C. § 12131 which prohibits public entities from discriminating against qualified individuals with disabilities; and under 42 U.S.C. §14141 which prohibits certain patterns and practices by law enforcement officers responsible for the administration of juvenile justice. The Court dismisses.

I.

Pursuant to 28 U.S.C. § 1915(e)(2)(B) a court may "at any time" dismiss an *in forma*

---

[1] Macon's identifies neither his race nor his alleged disability.

*pauperis* claim if the action "fails to state a claim on which relief may be granted." "Factual allegations must be enough to raise a right to relief above the speculative level;" the complaint must have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, 1974, (2007) "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. at 2197 (2007) (citations omitted). In particular, a pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted).

With the above precepts in mind, the Court dismisses Macon's complaint. Macon offers absolutely no factual support for his claims or anything to link those claims to the statutes he alleges support jurisdiction. He offers only the conclusory allegation that the officer who stopped him for going 93 mph engaged in racial profiling and disability discrimination. He has not alleged "enough facts to state a claim for relief that is plausible on its face." Accordingly, the court will dismiss Macon's complaint without prejudice.

## II.

For the reasons stated above, the court will dismiss Macon's complaint without prejudice.

**ENTER**: This March 3, 2009.

_____
UNITED STATES DISTRICT JUDGE